**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Timothy J. Hay,** *et al.*, | ) | **CASE NO. 1:19 CV 2645** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **John Shirey,** *et al.*, | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendants.** | ) | |

### <u>INTRODUCTION</u>

This matter is before the Court upon Defendants' Motion for Summary Judgment Regarding Arkansas Equipment Leasing (Doc. 50).  This is a personal injury case.  For the reasons that follow, the motion is GRANTED.

### <u>FACTS</u>

This case arises as the result of a motor vehicle accident.  Plaintiffs Timothy Hay and Gregory Roth were traveling on Interstate 71, whereupon a tractor-trailer driven by defendant John Shirey crossed the median and struck plaintiffs' vehicle.  Plaintiffs brought suit against the driver, as well as defendants Cal-Ark International, Inc. ("Cal-Ark") and Arkansas Equipment

1

Leasing, Inc. ("Arkansas Equipment").  There are two operative complaints.[1]  Plaintiff Hay and plaintiff Roth filed separate lawsuits, and the Court consolidated the two matters.  The complaints contain very similar allegations.  In the complaints, plaintiffs allege that Cal-Ark and Arkansas Equipment are liable for plaintiffs' injuries.  The parties do not dispute that Cal-Ark employs Shirey.  Plaintiffs allege that Shirey is also employed by Arkansas Equipment.  Arkansas Equipment moves for summary judgment on the basis that it neither employs Shirey, nor is the alter ego of Cal-Ark.  Plaintiffs oppose the motion.

## STANDARD OF REVIEW

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip*

---

[1]     *See*,19 CV 2645 (N.D. Ohio) at Doc.1, Ex.1 and 20 CV 1696 (N.D. Ohio) at Doc. 1.

2

*Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

## **ANALYSIS**

Arkansas Equipment argues that Cal-Ark employs Shirey.  According to Arkansas Equipment, it neither independently employs Shirey, nor is it an alter ego of Cal-Ark.  It claims that the facts do not support disregarding the corporate structures of the two entities.  Absent an employment relationship, there can be no liability against Arkansas Equipment due solely to its status as lessor of the subject tractor-trailer.  In response, plaintiffs argue that the two entities are

alter egos.  As such, both entities should be deemed to have employed Shirey.[2]

Upon review, the Court finds that defendants' motion is well-taken, albeit on a slightly different basis.  An alter ego theory of liability is based on the notion that a shareholder cannot use the corporate form to escape liability where certain factors are met.  Most of those factors are directed at the level of control asserted by the shareholder over the corporation.[3]  In essence, the test is whether the corporate entity was so dominated by its shareholder (either individual shareholders or a parent company) that the corporate entity had no mind or will of its own.

In this case, however, there is no evidence that either  Cal-Ark or Arkansas Equipment are shareholders of the other.  Rather, as cited by plaintiffs, Thomas Bartholomew owns both entities.  (Doc. 54 at PageID 783)(citing testimony of Leslie Stout at pp. 13-14).  As such, they are "sister corporations."  Ohio, however, does not recognize an alter ego theory of liability for sister corporations.  Although not cited by the parties, the Court finds that the Ohio Supreme Court's decision in *Minno v. Pro-Fab, Inc.*, 905 N.E.2d 613 (Ohio 2009), controls the outcome of this case.

In *Minno*, the court rejected the concept of "horizontal" veil piercing.  Although the two corporations shared the same shareholders and officers, engaged in the same type of work, and

---

[2]     Plaintiffs do not dispute that liability does not attach solely as a result of Arkansas Equipment's status as a lessor.  Nor do plaintiffs present any evidence that, absent an alter ego theory, Arkansas Equipment independently employed Shirey.

[3]     Defendants cite to, among others, the following factors: observance of corporate formalities, corporate record keeping, financial independence, sharing of employees, corporate officers, assets, addresses, phone lines, and exertion of control over daily activities.

4

shared identical business addresses, an "alter ego" or "veil piercing" theory could not be asserted

against a sister corporation based on unsafe working conditions.   The court held:

> In contrast to a shareholder's ownership of a corporation or a parent corporation's
> ownership of another corporation, the common shareholder ownership of sister
> corporations does not provide one sister corporation with the inherent ability to exercise
> control over the other.  Any wrongful act committed by one sister corporation might have
> been instigated by the corporation's owners, but it could not have been instigated by the
> corporation's sister.

> Thus, we hold that a plaintiff cannot pierce the corporate veil of one corporation to reach
> its sister corporation. A corporation's veil may not be pierced in order to hold a second
> corporation liable for the corporate misdeeds of the first when the two corporations have
> common individual shareholders but neither corporation has any ownership interest in the
> other corporation. Despite the element of common shareholder identity, sister
> corporations are separate corporations and are unable to exercise control over each other
> in the manner that a controlling shareholder can. This lack of ability of one corporation to
> control the conduct of its sister corporation precludes application of the
> piercing-the-corporate-veil doctrine.

*Minno*, 905 N.E.2d at 617.

Because of *Minno*, there can be no liability against Arkansas Equipment based on an alter

ego theory.  *Id*. (referring to test applicable to piercing the corporate veil as the "alter ego"

theory).  The evidence submitted by plaintiffs demonstrates that the entities are sister

corporations, as both are owned by Thomas Bartholomew.

Both parties rely on *Parker v Miller*, 2018 WL 898981 (S.D. Ohio Feb. 15, 2018).  There,

the court denied summary judgment to a lessor of a tractor trailer after the plaintiff was struck by

the driver.  The plaintiff argued that the employer and the sister corporation lessor were alter

egos.  The court analyzed the relevant veil-piercing factors and determined that a question of fact

existed on the issue.  Neither party, however, recognizes that the court in *Parker* issued a

subsequent opinion addressing the alter ego status of the lessor.  *See, Parker v. Miller*, 2018 WL

3743981 (S.D. Ohio Aug. 7, 2018)("*Parker II*").  In *Parker II*, the court essentially reversed

5

course and applied *Minno*, holding that the lessor could not be held liable since it was a sister corporation, regardless of the veil-piercing factors.[4]  Accordingly, *Parker II* supports this Court's conclusion that an alter ego theory is not available in this matter.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment Regarding Arkansas Equipment Leasing (Doc. 50) is GRANTED.


IT IS SO ORDERED.



  /s/ Patricia A. Gaughan         
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 5/21/21

---

[4]      It does not appear that the parties argued *Minno* in *Parker*.

6