UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy J. Hay, et al., | ) | CASE NO. 1:19 CV 2645 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| John Shirey, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion for Summary Judgment Regarding Punitive Damages (Doc. 51). This case arises out of a motor vehicle accident. For the reasons that follow, the motion is MOOT in PART and GRANTED in PART. The motion is MOOT as to the Hay plaintiffs as they concede they are not seeking punitive damages and GRANTED as to the Roth plaintiffs.

**ANALYSIS**

Only those facts necessary for a resolution of the pending motion are set forth herein.

1

Plaintiffs Timothy Hay and Gregory Roth ("plaintiffs") filed separate actions against defendants after they were involved in an automobile accident. Each plaintiff's spouse joined in the respective lawsuits, and the Court consolidated the two actions.

Roth and Hay were traveling on I-71 when a tractor-trailer driven by defendant Shirey crossed the median and entered oncoming traffic, whereupon it struck the vehicle occupied by plaintiffs. Both Roth and Hay suffered serious injuries. Defendants seek summary judgment on the issue of punitive damages. According to defendants, no juror could find by clear and convincing evidence that defendant Shirey acted with the requisite state of mind to warrant the imposition of punitive damages. In response, the Hay plaintiffs concede that they are not seeking punitive damages. The Roth plaintiffs argue that an affidavit submitted by a witness to the accident contains sufficient evidence for the jury to decide whether punitive damages are warranted.

Under Ohio law, punitive damages may be awarded in a tort case such as this if the plaintiff can establish by clear and convincing evidence that defendant acted with actual malice. "...[A]ctual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987). Here, the Roth plaintiffs do not argue that defendant Shirey acted with "hatred, ill will or a spirit of revenge." Accordingly, the Court must determine whether defendant Shirey acted with "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."

Punitive damages are only available when conscious wrongdoing is involved. *Id.* ("Since punitive damages are assessed for punishment and not compensation, a positive element of conscious wrongdoing is always required."). Conscious wrongdoing "requires the party to possess knowledge of the harm that might be caused by his behavior." *Id.* Further, more than mere negligence is required:

> The concept requires a finding that the probability of harm occurring is great and that the harm will be substantial. A possibility or even probability is not enough as that requirement would place the act in the realm of negligence.

*Id.*

Upon review, the Court finds that defendants are entitled to summary judgment on the issue of punitive damages. Defendant Shirey cites to evidence indicating that he was not speeding and that he was "cut off" by another vehicle, leaving him little room to maneuver. At this point in the litigation, however, the Court must construe the evidence in the light most favorable to the Roth plaintiffs. The Roth plaintiffs rely on the affidavit of Donald Iacobucci. Iacobucci avers that after entering Route 71 from Route 224, he was traveling in the right lane for approximately several minutes before he noticed defendant Shirey's tractor-trailer in his rear-view mirror. According to Iacobucci, defendant Shirey was traveling at a "high rate of speed." Iacobucci grew concerned as the tractor-trailer neared his car. Iacobucci avers that the tractor-trailer came within "probably" ten or twelve feet of his car. He contemplated pulling in to the berm. Iacobucci noted that "it appeared" to him that defendant Shirey was "getting frustrated and wanted to go around" Iacobucci. Iacobucci continued to watch the tractor-trailer in his rear and side view mirrors. He then saw defendant Shirey suddenly swerve into the left lane, whereupon the collision began.

The Roth plaintiffs argue that a reasonable juror could conclude that defendant Shirey acted recklessly. According to these plaintiffs, defendant Shirey was driving a large and heavy vehicle at a rate of speed in excess of 75 miles per hour. The Roth plaintiffs claim that the look on Shirey's face is evidence that he was "intentionally driving reckless in frustration to surrounding traffic."

Upon review, the Court finds that defendants are entitled to summary judgment. Here, the Roth plaintiffs offer evidence that defendant Shirey operated the tractor-trailer at a high rate of speed. The Court notes, however, that there is no evidence as to the degree of speed at issue. The most the Court can conclude is that defendant Shirey traveled at a speed somewhat greater than 75 miles per hour in a 70 milers per hour speed zone. In addition, there is evidence that defendant Shirey drove his tractor-trailer within 10-12 feet of Iacobucci's vehicle. This evidence is not enough to support a finding of malice. Drivers frequently speed and drive within 10-12 feet of another vehicle. And, even though this arguably constitutes reckless conduct, recklessness is not a sufficient basis on which to base a punitive damages award. "A reckless actor, who only has knowledge of the mere possibility that his actions may result in substantial harm, is not behaving maliciously. *Motorists Mut. Ins. Co. v. Said,* 590 N.E.2d 1228, 1234 (Ohio 1992), *overruled on other grounds by Zoppo v. Homestead Ins. Co.,* 644 N.E.2d 397 (Ohio 1994). Thus, while defendant Shirey's actions may have resulted in a "possibility or even probability" of harm, the finding is insufficient because the Roth plaintiffs have not presented evidence from which a jury could conclude that the "probability of harm occurring is great."

The Roth plaintiffs also offer the statement from Iacobucci that it "appeared" that

4

defendant Shirey was "frustrated" with the traffic situation.  But, the Roth plaintiffs offer no further explanation or evidence.  There is no indication from Iacobucci as to how or why he concluded that defendant Shirey "appeared frustrated."  By way of example, Iacobucci does not indicate that he saw defendant Shirey's face, or that defendant Shirey made any gestures or mouthed any language that would suggest frustration.  On the whole, the Court finds that unspecified speeding, traveling within 10-12 feet of a vehicle, and an "appearance of frustration" are insufficient as a matter of law to warrant the imposition of punitive damages.

The Roth plaintiffs' citations actually support this Court's conclusion because all three cases involve "distracted drivers," who were engaging in behaviors completely separate from typical driving activities.  *See, e.g.*, *Hunter v. Riggle*, 2014 Ohio Misc. LEXIS 10673 (Ct. Com. Pleas)(denying summary judgment on issue of punitive damages where driver was speeding and using a cell phone)*; King v. Classic Carpet and Flooring*, 2017 Ohio Misc. LEXIS 16940 (Ct. Com. Pleas)(issue of punitive damages sent to jury where driver used cell phone); *Hager v. Progressive Ins. Co.,* 2015 Ohio Misc. LEXIS 23178 (Ct. Com. Pleas)(summary judgment denied where driver admitted to using a calculator while driving).  There is no evidence that defendant Shirey engaged in any behavior similar to that at issue in *Hunter*, *King*, or *Hager*.  Accordingly, all of the Roth plaintiffs' authority is easily distinguishable.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment Regarding Punitive Damages (Doc. 51) is MOOT in PART and GRANTED in PART.  The motion is MOOT as to the Hay plaintiffs as they concede they are not seeking punitive damages and

GRANTED as to the Roth plaintiffs.

       IT IS SO ORDERED.

Dated: 6/8/21

                          /s/ Patricia A. Gaughan
                          PATRICIA A. GAUGHAN
                          United States District Judge
                          Chief Judge